IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BRUCE R. NELSON,                              3:13-CV-00306-BR

       Plaintiff,

                                             OPINION AND ORDER

v.


AMERICAN HOME MORTGAGE
SERVICING, INC. (aka AHMSI);
OPTION ONE MORTGAGE COMPANY;
and HSBC BANK USA

       Defendants.


BRUCE R. NELSON
580 Riverview Drive N.W.
Salem, OR 97304
(206) 414-5971

       Plaintiff, *Pro Se*

CODY M. WESTON
KRISTINA J. HOLM
Perkins Coie LLP
1120 N.W. Couch Street
Tenth Floor
Portland, OR 97209-4128
(503) 727-2000

       Attorneys for Defendant American Home Mortgage
       Servicing, Inc., now known as Homeward Residential,
       Inc.


1 - OPINION AND ORDER

BROWN, Judge.

This matter comes before the Court on the Motion (#5) to Dismiss of Defendant Homeward Residential, Inc., and Homeward's Request (#8) for Judicial Notice.  Because the Court concludes the record in this matter is sufficiently developed, the Court concludes oral argument would not be helpful.

For the reasons that follow, the Court **GRANTS** Homeward's Motion to Dismiss and Request for Judicial Notice.


## BACKGROUND

The following facts are taken from Plaintiff Bruce Nelson's First Amended Complaint and the documents referenced therein.

On May 26, 2006, Michael Nelson executed a Trust Deed as to property located at 580 Riverview Drive N.W., Salem, Oregon.  The Trust Deed named Michael Nelson as grantor, First American Title Insurance Company as Trustee, and Defendant Option One Mortgage as lender and beneficiary.

The Trust Deed was recorded in Polk County, Oregon, on June 1, 2006.

Plaintiff alleged in his state complaint, and Defendant Homeward Residential, Inc., does not dispute, that Option One declared bankruptcy at some point in 2007.  Wilbur Ross & Company purchased Option One and merged American Home Mortgage and Option One into a new entity, American Home Mortgage Servicing, Inc.,

2 - OPINION AND ORDER

which is now known as Homeward Residential, Inc.

In February 2009 Michael Nelson passed away and Plaintiff Bruce R. Nelson was appointed administrator of Michael Nelson's estate.  Michael Nelson also left a will transferring to Plaintiff the property located at 580 Riverview Drive N.W., Salem, Oregon.

On April 4, 2009, First American Title Insurance Company executed an Appointment of Successor Trustee in which it appointed Fidelity National Title Company as successor trustee of the Trust Deed.

On April 4, 2009, Fidelity executed a Notice of Default and Election to Sell against Plaintiff's property in which Fidelity alleged a default of seven missed payments from October 1, 2008, through April 4, 2009, on the mortgage loan and initiated a nonjudicial foreclosure of Plaintiff's property.

On April 7, 2009, the Appointment of Successor Trustee and the Notice of Default and Election to Sell were recorded in Polk County.

On July 22, 2009, Fidelity recorded in Polk County a Rescission of Notice of Default and a second Notice of Default and Election to Sell.  The second Notice of Default reflected four delinquent mortgage payments between April 2009 and July 2009.

On August 3, 2009, Plaintiff was appointed to act as the

3 - OPINION AND ORDER

personal representative of Michael Nelson through Letters Testamentary filed in Polk County Circuit Court.

On November 3, 2009, Fidelity recorded in Polk County a Rescission of Notice of Default and a third Notice of Default and Election to Sell.  The third Notice of Default reflected seven delinquent mortgage payments between January 2004 and October 2009.

On November 6, 2009, Plaintiff filed a complaint in Polk County Circuit Court against Homeward and Option One.  Plaintiff, however, never served summons on either Homeward or Option One.

On April 1, 2010, Fidelity sold Plaintiff's property to Defendant HSBC Bank USA at a nonjudicial foreclosure sale.

On April 14, 2010, the Trustee Deed was recorded in Polk County.

On December 11, 2012, Plaintiff filed a First Amended Complaint in Polk County Circuit Court against Homeward, Option One, and HSBC and brought claims against them for declaratory relief; breach of contract; interference; tortious wrongful foreclosure; and violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq*.  Plaintiff sought a declaration that he is "the sole owner of the property in question, in fee simple"; a declaratory judgment voiding "any sale or transfer as a result of Defendant's [*sic*] non-judicial sale"; and damages.

On January 22, 2013, Plaintiff served Homeward with his

4 - OPINION AND ORDER

first amended complaint.  Plaintiff has not served Option One
Mortgage or HSBC with the first amended complaint.

On February 20, 2013, Homeward timely removed the matter to
this Court on the basis of diversity jurisdiction.  After this
matter was removed, Plaintiff's counsel withdrew representation.

On February 27, 2013, Homeward filed a Motion to Dismiss
this matter on the ground that Plaintiff fails to state a claim
and also filed a Request for Judicial Notice.  The Court took
Homeward's Motion and Request under advisement on May 16, 2013.

## HOMEWARD'S REQUEST FOR JUDICIAL NOTICE

Homeward requests the Court to take judicial notice of the
documents attached to the Declaration of Kristina Holm in Support
of Homeward's Motion to Dismiss pursuant to Federal Rule of
Evidence 201.

**I.  Standards**

Federal Rule of Evidence 201 allows the Court to take
judicial notice of facts that can be "accurately and readily
determined from sources whose accuracy cannot reasonably be
questioned."  Fed. R. Evid. 201(b)(2).  The Court may take
judicial notice of documents that are matters of public record.
See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.
1986)(When determining whether a complaint fails to state a
claim, a district court may take "judicial notice of matters of

5 - OPINION AND ORDER

public record outside the pleadings.").

## II.  Analysis

The documents as to which Homeward requests the Court take judicial notice are:

1.   The May 26, 2006, Trust Deed signed by Michael Nelson;

2.   The April 4, 2009, Appointment of Successor Trustee;

3.   The April 4, 2009, Notice of Default and Election to Sell;

4.   The July 22, 2009, Rescission of Notice of Default;

5.   The July 22, 2009, Notice of Default and Election to Sell;

6.   The August 3, 2009, Letters Testamentary;

7.   The November 3, 2009, Rescission of Notice of Default;

8.   The November 3, 2009, Notice of Default and Election to Sell;

9.   An Affidavit of Mailing recorded in Polk County on March 5, 2010;

10.  The January 4, 2010, Deed of the Personal Representative signed by Plaintiff; and

>11.  A February 24, 2010, Trust Deed for a Fixed
>      Rate Home Equity Conversion Line of Credit
>      signed by Plaintiff.

These documents are all matters of public record and publicly available, and their accuracy is not reasonably subject to debate.  In addition, numerous courts in this District have taken judicial notice of these types of documents in actions involving allegations of wrongful foreclosure.  *See, e.g.*, *Meza-Lopez v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-00891-HU, 2012 WL 1081454, at *3 (D. Or. Feb. 13, 2012); *Robertson v. Wells Fargo Home Mortg.*, No. 10-CV-1110-BR, 2011 WL 5157772, at *2 (D. Or. Oct. 28, 2011).

Accordingly, the Court **GRANTS** Homeward's Request for Judicial Notice and takes judicial notice of the documents attached to Holm's Declaration.

## <u>HOMEWARD'S MOTION TO DISMISS</u>

### I.   Standards

>To survive a motion to dismiss, a complaint must
>contain sufficient factual matter, accepted as
>true, to "state a claim to relief that is
>plausible on its face."  [*Bell Atlantic v.
>Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A
>claim has facial plausibility when the plaintiff
>pleads factual content that allows the court to
>draw the reasonable inference that the defendant
>is liable for the misconduct alleged.  *Id.* at 556
>. . . .  The plausibility standard is not akin to
>a "probability requirement," but it asks for more

> than a sheer possibility that a defendant has
> acted unlawfully.  *Ibid*.  Where a complaint pleads
> facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line
> between possibility and plausibility of
> 'entitlement to relief.'" *Id*. at 557, 127 S. Ct.
> 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007).  The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).  "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations omitted).  The court's reliance on judicially-noticed documents does not convert a motion to dismiss into a summary-judgment motion.  *Intri-Plex*, 499 F.3d at 1052.

## II.  Analysis

As noted, Homeward moves to dismiss this matter on the ground that Plaintiff fails to state a claim.

### A.    Plaintiff's First and Second Claims

In his First Claim Plaintiff seeks a declaration that he is the sole owner of the property "without any claim or interest of the Defendants or their successors in interest" on the ground that even though Plaintiff "made repeated requests to see the original trust deed and mortgage documents," Homeward has

8 - OPINION AND ORDER

not provided Plaintiff with those original documents.  In his Second Claim Plaintiff seeks a declaration that "any sale or transfer as a result of Defendant's [*sic*] non-judicial sale" is void on the ground that "Defendants have not proved, and cannot prove, any actual interest in the property by original signatures on a trust or mortgage deed."

Homeward moves to dismiss Plaintiff's First and Second Claims on the grounds that (1) there is not any requirement under Oregon law to show original documents before proceeding with a nonjudicial foreclosure and (2) Plaintiff is not entitled to these remedies because they would affect a *bona fide* purchaser of the property.

### 1.    Original documents

Plaintiff seeks declarations that he is the sole owner of the property and that the sale of the property is void on the ground that Homeward has not produced the original trust deed.  This Court, however, has held the Oregon Trust Deed Act (OTDA), Oregon Revised Statute § 86.705, *et seq.*, does not require presentment of the original promissory note or trust deed to proceed with a nonjudicial foreclosure sale.  *Tabb v. OneWest Bank (IndyMac)*, No. 10-CV-855-ST, 2010 WL 5684402, *5 (D. Or. Nov. 1, 2010), *adopted by* 2011 WL 344593 (D. Or. Jan. 31, 2011) ("Oregon . . . does not require any party to a trustee's sale to produce a physical copy of the original note.").  Other courts in

this District have reached the same conclusion. *See, e.g., Glaab v. Wells Fargo Home Mortg., Inc.*, No. 6:11-CV-06267-AA, 2012 WL 5304148, at *2 (D. Or. Oct. 23, 2012); *Vettrus v. Bank of Am., N.A.*, No. 6:12-CV-00074-AA, 2012 WL 2905167, at *6 (D. Or. July 13, 2012).

The Court, therefore, concludes Homeward's alleged failure to produce the original note and Trust Deed is not a sufficient basis to support Plaintiff's First and Second Claims.

### 2. *Bona fide* purchaser

As noted, Fidelity sold the property at the nonjudicial foreclosure sale to HSBC, a *bona fide* purchaser. Plaintiff does not allege he did not receive the November 3, 2009, Notice of Default and Election to Sell recorded by Fidelity.  Oregon Revised Statute § 86.770(1) provides:

> If, under ORS 86.705 to 86.795, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given under ORS 86.740 and 86.750 or to a person that claims an interest by, through or under the person to which notice was given.  A person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's sale. A failure to give notice to a person entitled to notice does not affect the validity of the sale as to persons that were notified.

The Court, therefore, concludes to the extent that HSBC is a *bona fide* purchaser, the sale of the property may not be rescinded.

10 - OPINION AND ORDER

Accordingly, the Court grants Homeward's Motion to Dismiss Plaintiff's First and Second Claims.  Because there is not any plausible basis on which Plaintiff could cure the defects in his First and Second Claims, the Court dismisses those claims with prejudice.

**B.   Plaintiff's Third Claim**

Plaintiff alleges in his Third Claim that he and Homeward "entered into an agreement [at some point] to hold any foreclosure or enforcement proceedings until [Homeward] delivered" documents establishing "proof of any interest in the property or the current status of any loans."  Plaintiff also alleges "Defendants acted in concert, in an unlawful manner, to the detriment of the Plaintiff; and the tort should apply by theory of civil conspiracy pursuant to *Granewich v. Harding*, 150 Or. App. 34 (1997)."

Homeward asserts Plaintiff's Third Claim is barred by Oregon's statute of frauds, Oregon Revised Statute § 41.580. Homeward further asserts a claim for civil conspiracy does not lie under the circumstances.

**1.   Breach of contract**

Under Oregon's statute of frauds several types of agreements, including agreements for the sale of real property, must be made in writing and be "subscribed by the party to be charged."  Or. Rev. Stat. § 41.580(1)(e).  Agreements subject to

the statute of frauds may be modified only by a written agreement
when the agreement as modified would also fall within the statute
of frauds. *See, e.g., Wash. Square, Inc. v. First Lady Beauty
Salons, Inc.*, 290 Or. 753, 761 (1981)("A lease required by the
statute of frauds to be in writing may be modified only by an
agreement also in writing if the lease as modified would itself
be within the statute of frauds").

          The Trust Deed here is subject to the statute of
frauds.  Any alteration to the Trust Deed such as the alleged
agreement to "hold [off on conducting] any foreclosure or
enforcement proceedings" was also required to be in writing.
*See, e.g., Rapacki v. Chase Home Fin. LLC*, No. 3:11-CV-185-HZ,
2012 WL 1340119, at *8 (D. Or. Apr. 17, 2012)("[T]he [Trust Deed]
is an agreement regarding the sale of real property and thus was
required to be in writing.  The modification agreement changed
only the amount of the monthly payment, for only three months,
and did not alter the fact that the agreement still related to
the sale of real property.  Thus, because the [Trust Deed] as
modified would still come within the statute of frauds, the
modification had to be writing and be subscribed by the party to
be charged to be effective.  Accordingly, while the record,
interpreted in a light most favorable to plaintiff, shows that an
oral trial period modification agreement was reached on
August 24, 2009, it cannot bind Chase because the statute of

12 - OPINION AND ORDER

frauds requires that it be in writing and be signed by Chase."). Plaintiff does not allege the agreement to "hold any foreclosure or enforcement proceedings" was in writing.  Plaintiff, therefore, has not stated a claim for breach of contract related to the alleged agreement between Plaintiff and Homeward to stay any foreclosure or enforcement proceedings.

> ### 2.    Civil conspiracy

Plaintiff alleges in his Third Claim that Homeward's acts constitute the tort of civil conspiracy.  Oregon courts permit parties to pursue a cause of action in tort as well as under contract in limited circumstances:

> When the relationship involved is between contracting parties, and the gravamen of the complaint is that one party caused damage to the other by negligently performing its obligations under the contract, then, and even though the relationship between the parties arises out of the contract, the injured party may bring a claim for negligence if the other party is subject to a standard of care independent of the terms of the contract.  If the plaintiff's claim is based solely on a breach of a provision in the contract, which itself spells out the party's obligation, then the remedy normally will be only in contract, with contract measures of damages and contract statutes of limitation.  That is so whether the breach of contract was negligent, intentional, or otherwise.  In some situations, a party may be able to rely on either a contract theory or a tort theory or both. *See Ashmun v. Nichols*, 92 Or. at 234-35, 180 P. 510 (suggesting that a plaintiff might be able to rely on both contract and tort theories).

*Georgetown Realty, Inc. v. The Home Ins. Co.*, 313 Or. 97, 106 (1992).  The relationship between a lender and a holder of a

13 - OPINION AND ORDER

trust deed and the grantor of a trust deed is strictly one of

contract.  It is an arm's-length transaction and not the "kind of

relationship [that] carries with it a standard of care that

exists independent of the contract and without reference to the

specific terms of the contract." *Id*. at 110-11.  Thus,

Plaintiff's allegations related to breach of contract do not also

sound in tort.

   Accordingly, the Court grants Homeward's Motion to

Dismiss Plaintiff's Third Claim.  Because there is not any

plausible basis on which Plaintiff could cure the defects in his

Third Claim, the Court dismisses that claim with prejudice.

  **C.** **Plaintiff's Fourth Claim**

   In his Fourth Claim Plaintiff alleges Homeward breached

its contract when it "denied [Plaintiff] access to information

and documents necessary for Plaintiff to perform under the trust

deed and mortgage documents."  Plaintiff alleges Homeward

prevented Plaintiff from fulfilling his contract obligations by

"denying information on the payment schedule, loan, or validity

or existence of a trust deed and mortgage."

   Homeward notes Plaintiff fails to allege the specific

information and/or documents that Homeward denied him access to

and does not identify the provisions in the Trust Deed that

Homeward allegedly violated when it failed to provide Plaintiff

with that unspecified information.  In addition, it is unclear

14 - OPINION AND ORDER

whether Plaintiff intends to assert that Homeward did not establish the validity or existence of the Trust Deed when it failed to provide Plaintiff with the original Trust Deed.  Such an assertion, as noted, does not state a claim under Oregon law.

Even if Plaintiff specified the information that he sought from Homeward and Homeward refused and/or failed to provide it, Homeward asserts Plaintiff's claim must be dismissed because Plaintiff cannot show that the terms of the contract had been fully satisfied and that the contract had not been breached at the time he sought the information.  In fact, the record reflects Michael Nelson was in breach of the Trust Deed as early as October 1, 2008, for failing to make the required mortgage payments.

To establish a claim for breach of contract under Oregon law, a "'plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff.'"  *Vettrus v. Bank of Am., N.A.*, No. 6:12-CV-00074-AA, 2012 WL 5462914, at *7 (D. Or. Nov. 6, 2012)(quoting *Slover v. Or. State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570-71 (1996)).  Michael Nelson contractually agreed to make monthly mortgage payments as required under the Trust Deed.  Thus, when Michael Nelson stopped making the requisite loan repayments in October 2008, he materially breached the parties' contract.  *See*

15 - OPINION AND ORDER

*Commerce Mortg. Co. v. Indus. Park Co.*, 101 Or. App. 345, 349, 791 P.2d 132 (1990)("Whether a breach is material is ordinarily a question of fact for the jury; however, the issue may be determined as a matter of law" when, as here, "the uncontested evidence is consistent only with the idea of a material breach.").

Michael Nelson failed to make the required payments before Plaintiff inherited the property and, therefore, defaulted on the Trust Deed. Thus, Plaintiff cannot state a claim for breach of contract because first Michael Nelson and then Plaintiff were in breach of the contract at the time Homeward allegedly breached the contract when it failed to provide Plaintiff with the information that he requested. *See Vettrus*, 2012 WL 5462914, at *7 ("[B]ecause plaintiff was already in default when defendants initiated nonjudicial foreclosure of the Property, he cannot state a claim for breach of contract."). Homeward, therefore, was entitled to foreclose on the property even before Plaintiff became involved in this matter.

Accordingly, the Court grants Homeward's Motion to Dismiss Plaintiff's Fourth Claim. Because there is not any plausible basis on which Plaintiff could cure the defects in his Fourth Claim, the Court dismisses that claim with prejudice.

**D.   Plaintiff's Fifth Claim**

In his Fifth Claim Plaintiff alleges Homeward's acts

constitute tortious wrongful foreclosure.  Plaintiff does not
point to, nor could this Court find, any case in which a court
recognized the tort of wrongful foreclosure in Oregon.  In fact,
in at least two cases in this district, the court concluded
Oregon does not recognize tortious wrongful foreclosure as a
cause of action under Oregon law:  *Rapacki v. Chase Home Finance
LLC*, 797 F. Supp. 2d 1085, 1092 (D. Or. 2011), and *Meza-Lopez v.
Deutsche Bank Nat. Trust Co.,* No. 3:11-CV-00891-HU, 2012 WL
1081454, at *9 (D. Or. Feb. 13, 2012) *adopted by* 2012 WL 1079823,
at *1 (D. Or. Mar. 30, 2012).  The Court finds the reasoning in
*Rapacki* and *Meza-Lopez* to be persuasive and concludes Oregon does
not recognize the tort of wrongful foreclosure.

        In addition, to the extent that Plaintiff intended to
allege a claim for tortious breach of the duty of good faith and
fair dealing by Homeward, Oregon recognizes such a claim only
when the parties to the contract are in a "special relationship."
*Bennett v. Farmers Ins*. *Co.*, 332 Or. 138, 160 (2001).  *See also
Confederated Tribes of Warm Springs Reservation of Or. v. Ambac
Assur. Corp.*, No. CV-10-130-KI, 2010 WL 4875657, at *3 (D. Or.
Nov. 17, 2010)(same).  "A special relationship exists [when] 'one
party has authorized the other to exercise independent judgment
on his or her behalf and, consequently, the party who owes the
duty has a special responsibility to administer, oversee, or
otherwise take care of certain affairs belonging to the other

17 - OPINION AND ORDER

party.'" *Id.* (quoting *Conway v. Pac. Univ.*, 324 Or. 231, 241 (1996)). "Arms-length relationships between a bank and a customer or between a borrower and a creditor do not support a tortious breach of duty claim." *Rapacki*, 2012 WL 1340119, at *3 (citing *Uptown Heights Assocs. Ltd. P'Ship v. Seafirst Corp.*, 320 Or. 638, 648-50 (1995)). Plaintiff, therefore, cannot establish a claim for tortious breach of the duty of good faith and fair dealing arising from Homeward's alleged acts.

Accordingly, the Court grants Homeward's Motion to Dismiss Plaintiff's Fifth Claim. Because there is not any plausible basis on which Plaintiff could cure the defects in his Fifth Claim, the Court dismisses that claim with prejudice.

**E.    Plaintiff's Sixth Claim**

In his Sixth Claim Plaintiff alleges Option One (and its successor-in-interest Homeward) violated unspecified provisions of TILA "in creating the alleged trust deed and mortgage documents agreements, and in responding to inquiries of the property owner." Specifically, Plaintiff alleges Homeward violated TILA when it did not serve "mandatory notices . . . on the deceased Michael Nelson," made unspecified promises "to induce the deceased's signature which were not honored," engaged in unspecified predatory mortgage lending practices, and failed

18 - OPINION AND ORDER

to honor Plaintiff's attempt "to take advantage of the recession provision of the TILA."

Homeward asserts Plaintiff's TILA claims are untimely. Claims for damages under TILA must be brought within one year of the alleged violation.  15 U.S.C. § 1640(e).  *See also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011).  As noted, Michael Nelson entered into the Trust Deed and mortgage loan on May 26, 2006, and, therefore, the limitations period for the portions of Plaintiff's TILA claim related to the creation of the Trust Deed "and mortgage documents agreements," the promises allegedly made "to induce the deceased's signature," and the alleged predatory nature of the mortgage loan began to run on that date.  *Id*.  Plaintiff, however, did not file an action until December 9, 2009, and did not file his First Amended Complaint and serve Homeward with the First Amended Complaint until January 22, 2012.  Plaintiff's claim for damages under TILA arising from the creation of the Trust Deed "and mortgage documents agreements," the promises allegedly made "to induce the deceased's signature," and the alleged predatory nature of the mortgage loan are, therefore, untimely.  Claims for rescission under TILA may be brought not more than "three years after the date of consummation of the transaction."  15 U.S.C. § 1635(f).

19 - OPINION AND ORDER

Michael Nelson entered into the Trust Deed and mortgage loan on May 26, 2006.  Plaintiff did not file any action until December 9, 2009, and did not serve Homeward or any Defendant until January 22, 2012.  Plaintiff's claim for rescission under TILA, therefore, is also untimely.

Finally, under TILA a borrower may state a claim for damages only against a creditor.  15 U.S.C. § 1640(a).  TILA defines a creditor as one who "regularly extends . . . consumer credit" and "is the person to whom the debt arising from the consumer credit transaction is initially payable."  15 U.S.C. § 1602(g).  Homeward, however, was not the original lender and, therefore, is not the entity to which the debt was initially payable.  *See Moreno v. Bank of Am., N.A.*, No. 3:11-CV- 1265-HZ, 2012 WL 1462338, at *7 (D. Or. Apr. 27, 2012).  Thus, Plaintiff may not bring a claim for damages against Homeward for violation of TILA.

Accordingly, the Court grants Homeward's Motion to Dismiss Plaintiff's Sixth Claim.  Because there is not any plausible basis on which Plaintiff could cure the defects in his Sixth Claim, the Court dismisses that claim with prejudice.

## **CONCLUSION**

For these reasons, the Court **GRANTS** the Motion (#5) to Dismiss of Homeward Residential, Inc., and Homeward's Request

20 - OPINION AND ORDER

(#8) for Judicial Notice and **DISMISSES with prejudice** this action

against Homeward Residential, Inc.

     IT IS SO ORDERED.

     DATED this 24th day of July, 2013.


                        /s/ Anna J. Brown

                     _____

                     ANNA J. BROWN
                     United States District Judge

21 - OPINION AND ORDER